† JACKSON *versus* FORD.

An obligation under seal given by the grantee of real estate at the time of his deed, to re-convey the same to the grantor on the payment of a certain sum of money, operates as a deed of defeazance between the parties, although it is not recorded; and in an action by such grantee to recover the premises after the obligation is forfeited, he will be entitled to a conditional judgment only, but for no rents.

ON FACTS AGREED.

WRIT OF ENTRY to recover a farm occupied by tenant, and for rents and profits of the same for six years prior to the date of the writ.

The action was commenced on July 20, 1853.

Freedom *v.* Weed.

On Oct. 27, 1841, the tenant being owner of the premises, conveyed the same to demandant by deed of that date.

The consideration expressed in the deed was $1314,63, and the farm was worth $2500. At the same time demandant gave tenant an obligation to re-deed to him the same, on payment of the consideration and interest in one year.

The tenant did not pay the same within one year, but at different times between the date of said obligation and the year 1847, paid demandant $750, towards the same. On Feb. 7, 1847, demandant requested tenant to pay up and take his deed.

The tenant was in possession at the time of giving his deed and remained in ever since. If rent was recoverable, it was agreed to be $75, per annum.

The Court to render such judgment as the law requires.

*S. Heath* and *N. Libbey*, for tenant.

*N. Abbott*, for demandant.

RICE, J. — Whether the obligation to re-deed, given by the demandant to the tenant, was an instrument under seal, does not distinctly appear. But from the conduct of the parties, as disclosed in the case, we think the legitimate inference is, that such was its character, and that it was intended to operate as a defeazance to the deed from the tenant to the demandant. This obligation does not appear to have been recorded, nor is it necessary that it should be to give it validity as a defeazance between the parties in this case. R. S., c. 91, § 27.

The tenant must be defaulted and a conditional judgment entered up according to the provisions of c. 104, of statute of 1844.